UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALEXANDRU IACOBI,

                Plaintiff,                **MEMORANDUM & ORDER**
                                                                     21-CV-4407 (NM) (LB)

     -against-

CRIMINAL BANDIT #1; CRIMINAL BANDIT
#2; SHARON CLARKE; CHERYL GONZALES,

                Defendants.
------------------------------------------------------------------X
NINA MORRISON, United States District Judge:

        On August 2, 2021, Plaintiff Alexandru Iacobi, proceeding *pro* se, commenced this action against multiple defendants. By Memorandum and Order dated April 21, 2022, the Honorable Eric Komitee dismissed the action and granted Plaintiff leave to file an amended complaint. *See* Mem. and Order, ECF No. 5. On May 31, 2022, Plaintiff filed an amended complaint and on June 2, 2022, Plaintiff filed a second amended complaint, along with a "Reply in Opposition." *See* Sec. Am. Compl. ("SAC"), ECF No. 8; and Reply in Opp'n, ECF No. 9. Plaintiff's second amended complaint resubmits allegations and arguments previously made in his original and amended complaints and fails to state a claim for the same reasons discussed in detail in Judge Komitee's April 21, 2022 Order, familiarity with which is assumed. *See* Mem. and Order, ECF No. 5. For the reasons discussed below, Plaintiff's second amended complaint is dismissed.

1

## **BACKGROUND**

Plaintiff's second amended complaint ("SAC") alleges that two officers from the 81st Police Precinct in the New York Police Department ("NYPD"), who plaintiff identifies as "Criminal Bandit #1" and "Criminal Bandit #2," falsely arrested him on May 1, 2018. *See* SAC at 4.[1] Plaintiff also names state court judges Sharon Clarke and Cheryl Gonzales as defendants in the caption of the second amended complaint and in the list of defendants in the body of his second amended complaint, but Plaintiff does not set forth any factual allegations against them. *Id.* His reply in support of his amended complaint refers to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., throughout. *See generally* ECF No. 9. Plaintiff seeks $4 million in damages and "10 years of NYPD Order of Protection." SAC at 5.

## **STANDARD OF REVIEW**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S.

---

[1] All page references use ECF pagination.

at 678. In addition, claims under RICO involve a "heightened pleading standard" imposed by Federal Rule of Civil Procedure 9(b). *Crichlow v. Doccs*, No. 18-CV-03222 (PMH), 2022 WL 6167135, at *14 (S.D.N.Y. Oct. 7, 2022). Rule 9(b), in turn, requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake," while "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

In reviewing a *pro se* complaint, the Court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## DISCUSSION

### I. Plaintiff's False Arrest Claims Against the Officer Defendants

Plaintiff claims that two NYPD police officers from the 81st Police Precinct, who Plaintiff identifies as "Criminal Bandit #1" and "Criminal Bandit #2," falsely arrested him on May 1, 2018. SAC at 2. However, this claim is time-barred. "Section 1983 actions filed in New York are . . . subject to a three-year statute of limitations." *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013); *see also Okure v.*

*Owens*, 816 F.2d 45, 47 (2d Cir. 1987) ("[T]he proper limitation to apply to all section 1983 claims in New York is three years."), *aff'd*, 488 U.S. 235 (1989). Here, Plaintiff filed the instant action on August 2, 2021, which is more than three years after his May 1, 2018 arrest.

New York allows for equitable tolling, but it is "applied only in 'rare and exceptional circumstances,'" where a party was prevented from timely performing a required act and where that party "acted with reasonable diligence throughout the period he sought to toll." *Jones v. City of New York*, 846 Fed. Appx. 22, 24 (2d Cir. 2021) (summary order) (quoting *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005)). Given that Plaintiff has not alleged any facts or circumstances in the SAC that would provide grounds for equitable tolling, even under the liberal pleading standards that apply to *pro se* plaintiffs, Plaintiff's false arrest claims against these defendants are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II. Plaintiff's Claims Against the Judicial Defendants

Plaintiff names state court judges Sharon Clarke and Cheryl Gonzales as defendants in the caption of the SAC and in the list of defendants in the body of the SAC. However, Plaintiff fails to set forth any factual allegations against them. *See* SAC at 3. "[W]here a plaintiff names a defendant in the caption, but the complaint contains no substantive allegations against the defendant, dismissal of the complaint as to that defendant is appropriate." *Hobbs v. Dep't of Transp. N.Y.C.*, No. 20-CV-512 (CM), 2020 WL 1140794, at *3 (S.D.N.Y. Mar. 6, 2020); *see also Askew v. Lindsey*, No. 15-CV-7496, 2016 WL 4992641 (KMK), at *7 (S.D.N.Y. Sept. 16, 2016) (same).

Furthermore, judges have absolute immunity for acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (upholding applicability of judicial immunity in section 1983 actions); *Burdick v. Town of Schroeppel*, 717 F. App'x 92, 93 (2d Cir. 2018) (summary order) ("Judges acting in their judicial capacity are absolutely immune from suit, event where the plaintiff asserts constitutional violations under § 1983." (citing *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009)). "[J]udicial immunity is not overcome by allegations of bad faith or malice," and a judge cannot "be deprived of immunity because the action [the judge] took was in error . . . or was in excess of [the judge's] authority." *Mireles*, 502 U.S. at 11–13 (citations and internal quotation marks omitted). Immunity may only be overcome where (1) the challenged acts were not taken in the judge's judicial capacity or (2) the acts, "though judicial in nature, [were] taken in the complete absence of all jurisdiction." *Id.* at 12.

Here, Plaintiff does not set forth any allegations against state court judges Sharon Clarke and Cheryl Gonzales, but merely notes their titles as judicial officers. He also does not allege any facts to suggest that any actions taken by these judges were not taken within their judicial capacities or that these judges acted outside of their jurisdiction. Moreover, to the extent Plaintiff is alleging a claim under RICO, he has failed to assert any facts that are sufficient to meet the heightened pleading standard that applies to such claims under Federal Rule 9(b). Therefore, Plaintiff's claims against these defendants are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## **CONCLUSION**

Accordingly, for the reasons set forth above, the second amended complaint is dismissed. 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court is directed to enter judgment and close this case. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated: April 7, 2025
Brooklyn, New York